ROBERT GENE GOODRUM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goodrum v. Commissioner
Docket No. 13179-90
United States Tax Court
T.C. Memo 1992-422; 1992 Tax Ct. Memo LEXIS 445; 64 T.C.M. (CCH) 279; July 27, 1992, Filed *445 As appropriate order and decision will be entered. For Robert Gene Goodrum, pro se. For Respondent: Norman N. Pickett. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This matter is before the Court on petitioner's motion for costs filed January 14, 1992, pursuant to section 7430 and Rule 231. [1]
This case was settled without trial. The Stipulation of Settlement was filed with the Court on January 13, 1992. Petitioner has submitted an affidavit in support of his motion for costs. Respondent has filed a Notice of Objection to Petitioner's Motion For Costs, together with numerous attached exhibits. From this record we conclude, for the reasons that follow, that petitioner's motion for litigation costs will be denied. Pursuant to section 7430(a), the "prevailing party" in any administrative or court proceeding brought by or against *446 the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable costs incurred in connection with such proceeding. Petitioner bears the burden of proof that he is entitled to such an award. Rule 232(e); . To be eligible for an award of litigation costs, petitioner must establish that: (1) All administrative remedies available to him have been exhausted; and (2) he satisfies the statutory definition of a prevailing party. Sec. 7430(b)(1) and (c)(4). Respondent concedes that petitioner has exhausted all available administrative remedies. To fall within the statutory definition of prevailing party, petitioner must establish that: (1) The position of the United States in the proceeding was not substantially justified; (2) he has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) he meets specified net worth requirements. Sec. 7430(c)(4)(A)(i)-(iii). Although respondent concedes that petitioner substantially *447 prevailed in this case, she contends that (a) the position of respondent was substantially justified, (b) petitioner does not meet the net worth requirements of section 7430(c)(4)(A)(iii), and (c) petitioner unreasonably protracted this case. In determining whether respondent's position was not substantially justified, the question essentially is one of whether respondent's position in the litigation was unreasonable. The determination of reasonableness is based upon all the facts and circumstances surrounding the proceeding, and the fact that the Government eventually loses the case is not determinative. ; . Petitioner argues that respondent's actions were not justified at any time during this proceeding. We disagree. We would first note that petitioner has submitted no evidence pertaining to the net worth requirements of section 7430(c)(4)(A)(iii). Petitioner was issued Forms 1099 for 1986 by a Texas savings and loan association showing interest paid to him because of a savings account and a certificate of deposit in the amounts of *448 $ 353 and $ 1,732, respectively. The savings account was opened by petitioner on September 28, 1983, in his name and under his social security number. The certificate of deposit was obtained by petitioner on September 28, 1983, in his name and under his social security number. The County Treasurer of Brazoria County, Texas, was added as an accountholder on September 30, 1983. There was no change in the social security number listed on the certificate. The name of the accountholder was changed on January 9, 1987, to substitute petitioner's father, W.M. Goodrum, for the County Treasurer of Brazoria County. Petitioner did not report any interest income on his 1986 Federal income tax return. He contended that the money was not his but refused to inform respondent of the identity of the person to whom the money belonged. When questioned by respondent about how the accounts were opened, where the documentation pertaining to the opening of the accounts was, who supplied the money to open the accounts, and to whom the monies from the accounts was dispersed when the accounts were closed, neither petitioner's representative before the Internal Revenue Service nor petitioner would answer *449 respondent's questions. When this case was calendared for trial, respondent served a subpoena duces tecum on the receiver of the then defunct savings and loan association to obtain the opening and closing documentation relating to the accounts in issue. This action was necessary in order for respondent to obtain information which petitioner had refused to provide to her. When the receiver complied with the subpoena, respondent learned of the identity of the person who received the money when the accounts in issue were closed in 1987 and quickly conceded the case. Petitioner has amused himself by playing "cat and mouse" with respondent in this case. His lamentable intransigence has caused the Government to expend unnecessary funds to resolve this case. Respondent's position in this case was eminently reasonable. Petitioner's motion for costs will be denied. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩